**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ALLISON HARNDEN, INDIVIDUALLY,** | ) | |
| **AND AS PLAINTIFF AD LITEM FOR** | ) | |
| **BENJAMIN MICHAEL CANTWELL,** | ) | **Case No. _____** |
| **DECEASED,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CASS COUNTY, MISSOURI,** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **SHERIFF DWIGHT DIEHL,** | ) | |
| **IN BOTH HIS INDIVIDUAL AND** | ) | |
| **OFFICIAL CAPACITIES AS SHERIFF** | ) | |
| **OF CASS COUNTY, MISSOURI,** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **LAWRENCE HAYES, M.D.,** | ) | |
| **IN BOTH HIS INDIVIDUAL AND** | ) | |
| **OFFICIAL CAPACITIES AS MEDICAL** | ) | |
| **SUPERVISOR OF THE CASS COUNTY JAIL,** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **DONNA MOSS,** | ) | |
| **IN BOTH IN HER INDIVIDUAL AND** | ) | |
| **OFFICIAL CAPACITIES AS NURSE** | ) | |
| **AT THE CASS COUNTY JAIL,** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **ADVANCED CORRECTIONAL** | ) | |
| **HEALTHCARE, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

1

## COMPLAINT

COMES NOW, Plaintiff Allison Harnden, individually and as Plaintiff Ad Litem for Benjamin Michael Cantwell, and sues the Defendants, Cass County, Missouri; Sheriff Dwight Diehl; Lawrence Hayes, M.D.; Donna Moss; Advanced Correctional Healthcare, Inc; and other John Doe corrections officers, the names of which are unknown at this time and who are also sued in their individual and official capacities, and for her cause of action would show:

### I. JURISDICTION AND VENUE

1.     This action is brought, in part, pursuant to 42 USC § 1983 for the deprivation of civil rights; jurisdiction is therefore appropriate under 29 USC § 1331 and 1343.

2.     The claims asserted herein arose in the Western District of Missouri, and venue is therefore proper under 28 UCS § 1931(b).

### II. PARTIES

3.     Plaintiff Allison Harnden, was at all times relevant hereto the lawfully wedded wife of Benjamin Michael Cantwell, deceased, and is therefore the appropriate party to bring this action.  Allison Harnden, as the widow of Benjamin Michael Cantwell is entitled to bring an action on behalf of all members of the class for wrongful death pursuant to R.S.Mo. § 537.080.

4.     Defendant Cass County, Missouri ("Cass County") is a political subdivision of the State of Missouri, for which all other Defendants are employed and/or acted as agents of, through the Cass County Sheriff's Department.  Cass County is the political subdivision of the State of Missouri that is responsible for the wrongful death of Benjamin Michael Cantwell which was caused by the intentional acts and/or failures to act of the duly appointed deputies of the

2

Cass County Sheriff's Department and of the Sheriff, who were acting by virtue of or under color of the office at the time, as well as the negligent acts and/or omissions of each and every other Defendant, who were employees and/or agents of said county, and were acting within their scope of employment. Defendant Cass County may be served with process through the Clerk of the County Commission, Janet Burlingame, at 102 E. Wall Street, Harrisonville, Cass County, Missouri 64701.

5.     At all times relevant hereto, Defendant Sheriff Dwight Deihl was a citizen and resident of Cass County, Missouri, and was acting in his capacity as Sheriff, employed by Cass County, Missouri, and was acting under the color of State law. He is hereby sued in both his individual and official capacities. Defendant Deihl may be served with process at the Cass County Sheriff's Department, 2501 W. Mechanic Street, Suite 100, Harrisonville, Cass County, Missouri 64701.

6.     At all times relevant hereto, Defendant Lawrence Hayes, M.D., was a citizen and resident of Cass County, Missouri, and was at all times material to the allegations of this Complaint, acting in his capacity as Medical Supervisor, as employed by Advanced Correctional Healthcare, Inc., and contracted for medical services by Cass County, and was acting under the color of State law. He is hereby sued in both his individual and official capacities. Defendant Hayes may be served with process at 9145 NW Moore Road, Kansas City, Missouri 64115.

7.     At all times relevant hereto, Defendant Donna Moss was a citizen and resident of Cass County, Missouri, and was at all times material to the allegations of this Complaint, acting in her capacity as Nurse employed by Advanced Correctional Healthcare, Inc., and contracted for medical services by Cass County, Missouri, and was acting under the color of State law. She is

3

hereby sued in both her individual and official capacities. Defendant Moss may be served with process at 1518 W. Saint Charles Avenue, Independence, Missouri 64050.

8.     At all times relevant hereto, Defendant Advanced Correctional Healthcare, Inc., is a privately held, physician owned, Illinois corporation authorized to do business in the State of Missouri for the purpose of providing inmate healthcare services. At all times relevant hereto, Defendant Advanced Correctional Healthcare, Inc., was doing business by this name in Cass County, Missouri, and may be served through its Missouri Registered Agent: CT Corporation, 120 S. Central Avenue, Clayton, Missouri 63105.

9.     Upon information and belief, Defendants and the other John Doe corrections officers, the names of which are unknown at this time, were citizens and residents of Cass County, Missouri, and were at all times material to the allegations of this Complaint acting in their capacities as corrections officers and/or deputies employed by Cass County, Missouri, and were acting under the color of State law. They are hereby sued in both their individual and official capacities.

10.     Cass County has established and/or delegated to Defendant Deihl and/or Defendant Advanced Correctional Healthcare, Inc., and/or other Defendant employees of the Cass County Sheriff's Department the responsibility of establishing and implementing policies, practice procedures, and customs of administration in the Cass County Jail in providing medical care for inmates and for implementing policies, practices, procedures, and/or customs for training other corrections officers in this matter.

11.     All negligent and/or intentional acts and/or omissions which caused injury to and the death of Benjamin Michael Cantwell, occurred while he was incarcerated in the Cass County Jail located in Harrisonville, Cass County, Missouri.

4

12.     These causes of action arose under the 8th and 14th Amendments of the United States Constitution and 42 USC § 1983, and 1988; under the Constitution of the State of Missouri; and under Missouri Common Law for Negligence, Negligent Supervision, and Wrongful Death.

13.     Each of the intentional and/or negligent acts and/or omissions complained of herein which caused injury to and the death of Benjamin Michael Cantwell occurred between the dates of March 21, 2008, and March 26, 2008, the date of his death in the Cass County Jail.

### III.  FACTS

14.     On or about Friday, March 21, 2008, Benjamin Michael Cantwell, arrived at the Cass County Jail to be held on an alleged probation violation.

15.     Upon his arrival and booking it was noted on his Medical Questionnaire that Mr. Cantwell had a history of anxiety and was taking the prescription medication, Xanax. Plaintiff Allison Harnden did supply the Cass County Jail employees with Mr. Cantwell's prescription medication, Xanax.

16.     Mr. Cantwell was informed by the intake officer that it was jail policy to confiscate his necessary medication and that he would have to seek medication after being seen by medical staff at a date in the future.  With deliberate indifference to his serious medical needs, Mr. Cantwell's necessary medication was then withheld without medical attention or further inquiry into the need for said medication.

17.     During Mr. Cantwell's booking or admittance to the facility he did report suicidal thoughts and/or tendencies to the intake officer.  This information went without substantive response by the intake officer and no note was made in Mr. Cantwell's file.

5

18.     At no time during Mr. Cantwell's incarceration was he placed on suicide watch, nor was he ever administered the medication which was prescribed for his anxiety.  In fact, Mr. Cantwell was at all times housed in a cell with access to items that could be, and later would be, used to take his own life.  The Defendants failed to properly respond to and address the strong likelihood that Mr. Cantwell would attempt to take is own life if not supervised.

19.     On or about March 24, 2008, Mr. Cantwell did approach a correctional officer, Deputy Adair, to inquire about the department's continued neglect of his medication. Mr. Cantwell's request for medication and/or treatment was ignored, in deliberate indifference to Mr. Cantwell's serious medical needs, and nothing was done to ensure he would receive his much needed medication.  In fact, Mr. Cantwell was placed in "lock down" for four days, allegedly for addressing the officer as "Bub."

20.     On March 28, 2008, two full days after the untimely death of Mr. Cantwell, Defendant Moss did make a late entry in his Medical Progress Notes, stating that on Monday, March 24, 2008, Mr. Cantwell requested his medication from her.  Further, the late entry notes that Defendant Hayes was notified of this request; however, no medication was ordered or disbursed to Mr. Cantwell.  This further withholding of treatment was in deliberate indifference to Mr. Cantwell's serious medical need for said medication.

21.     On March 26, 2008, while still segregated, unmedicated, and without supervision for his suicidal tendencies, Mr. Cantwell tragically took his own life, an event that went unseen by corrections officers at the Cass County Jail until later reported by fellow inmates who happened by his cell.

22.     Defendants individually and in concert with one another intentionally, willfully, maliciously, and while acting under the color of State law showed a deliberate indifference to

6

Mr. Cantwell's serious medical needs in that they had actual knowledge of his mental condition, serious medical need for medication and suicidal tendencies, and did not provide any medical treatment or allow him contact with anyone who could provide proper and/or adequate medical treatment, and in fact ignored his pleas for his prescribed medication.

23.     Defendants individually and in concert with one another intentionally, willfully, maliciously, and while acting under the color of State law showed a deliberate indifference to Mr. Cantwell's serious medical needs in that they also had actual knowledge of Mr. Cantwell's serious medical needs and had knowledge that his medication was withheld, that he had expressed suicidal thoughts, and that he was being held in isolation.

24.     Defendants individually and in concert with one another through the policies and procedures instituted by them and Defendant Cass County fostered an environment which led to the deliberate indifference of Mr. Cantwell's serious medical needs in contravention of his civil rights.

25.     Defendants Deihl and Cass County were negligent in their supervision of the Cass County Jail and the employees, deputies, and/or correction personnel therein.

26.     Defendant Advanced Correctional Healthcare, Inc., was negligent in its supervision of its employees, Defendants Hayes and Moss.

27.     Each of the Defendants, individually and in concert with one another, acted under the color of State law in both his/her individual and official capacities to deprive Mr. Cantwell of his right to adequate and/or proper medical care.  This is a right secured to the Plaintiff by the 8th and 14th Amendments to the Constitution of the United States and by 42 U.S.C §1983.

7

28.     As a direct and proximate result of the intentional and/or negligent acts of all Defendants, Mr. Cantwell suffered severe physical and mental pain and suffering which lead to his ultimate death.

29.     As a direct and proximate result of the intentional and/or negligent acts of all Defendants, Plaintiff Allison Harnden has suffered the loss of her spouse, and her own mental and emotional pain and suffering, and damages in an amount that will be established at trial.

30.     Plaintiff is entitled to compensation for violations of Benjamin Michael Cantwell's constitutional rights that all Defendants inflicted upon him, including but not limited to all damages allowable for wrongful death pursuant to R.S.Mo. § 537.080; pain and suffering before death; attorneys' fees; and punitive damages.

## IV.  CAUSES OF ACTION

### COUNT 1:
### Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983 (General Allegations)

31.     Plaintiff realleges and incorporates herein by reference as though specifically set forth herein the allegations in Paragraphs 1 through 30 of this Complaint.

32.     In committing the acts complained of herein, Defendants acted under color of State law to show deliberate indifference to a serious medical need and to the substantial risk of suicide by Benjamin Michael Cantwell after having actual knowledge of such need for medication and the strong likelihood of suicide in deprivation of Mr. Cantwell's rights under the Due Process Clause of the 14th Amendment of the United States Constitution.

33.     As a direct and proximate result of the violation of Plaintiff Benjamin Michael Cantwell's constitutional rights by the Defendants, Mr. Cantwell suffered general and special damages as alleged in the Complaint and is herein entitled to relief under 42 U.S.C. §1983.

8

34.    The conduct of the Defendants was willful, malicious, oppressive, and reckless and are of such nature that punitive damages should be imposed in the amount commiserate with the wrongful acts alleged herein.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them jointly and severally, for damages, including prejudgment interest, in a fair and reasonable sum in excess of $75,000.00, her costs incurred herein, punitive damages, and for such other relief as is deemed appropriate by the Court.

<u>**COUNT 2:**</u>
<u>**Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983**</u>
<u>**(Failure to Implement Appropriate Policies, Customs, and Practices)**</u>

35.    Plaintiff realleges and incorporates herein by reference as though specifically set forth herein the allegations in Paragraphs 1 through 34 of this Complaint.

36.    Upon information and belief, Defendant Deihl, in his capacity as Sheriff of Cass County, Missouri, and/or Defendant Cass County, appointed deputies and/or corrections officers, who were not a licensed and/or adequately trained medical professionals, to screen the medical needs of inmates incarcerated in the Cass County Jail.

37.    At all times relevant hereto, Defendant Advanced Correctional Healthcare, Inc., contracted with Cass County to provide needed healthcare and medical services to inmates housed in the Cass County Jail, and as such was acting at all material times under color of State law.

38.    From March 21, 2008, to March 26, 2008, decedent Benjamin Michael Cantwell was a detainee and inmate at the Cass County Jail, where he came under the medical and psychological care of Defendant Advanced Correctional Healthcare, Inc., during which time, and

9

at all times, he was in serious need of required medication to control anxiety, a fact which Defendants, through their agents and employees, knew and documented.

39.     Defendants Deihl and Defendant Cass County, Missouri, along with Defendant Advanced Correctional Healthcare, implicitly or explicitly adopted and implemented policies, customs, or practices that included, among other things, allowing correction officers with no or inadequate medical training to assess medical conditions and/or withhold medical treatment and/or deny medical treatment to inmates with serious medical needs, including decedent Benjamin Michael Cantwell, which policies, customs, or practices reflected a deliberate indifference to the serious medical needs of Mr. Cantwell.

40.     The failures of Defendants Deihl, Cass County, and Advanced Correctional Healthcare, Inc., to adequately train and/or supervise their employees, deputies, corrections officers, and/or medical care providers amounts to deliberate indifference to Mr. Cantwell's serious medical needs.

41.     The failures of Defendants Deihl, Cass County, and Advanced Correctional Healthcare, Inc., to institute policies and procedures that would provide Mr. Cantwell with reasonable access to a properly and/or adequately trained and/or qualified medical provider amounts to deliberate indifference to Mr. Cantwell's serious medical needs.

42.     In committing the acts complained of herein, Defendants acted under color of State law with deliberate indifference to the serious medical needs of Mr. Cantwell.

43.     As a direct and proximate result of the deliberate indifference to inmates, specifically Mr. Cantwell's serious medical needs, Mr. Cantwell suffered serious mental and emotional torment which led to his death, for which he is entitled to relief under 42 U.S.C. § 1983.

10

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them jointly and severally, for damages, including prejudgment interest, in a fair and reasonable sum in excess of $75,000.00, her costs incurred herein, punitive damages, and for such other relief as is deemed appropriate by the Court.

## COUNT 3:
## Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983
## (Defendant Lawrence Hayes, M.D.)

44.     Plaintiff realleges and incorporates herein by reference as though specifically set forth herein the allegations in Paragraphs 1 through 43 of this Complaint.

45.     At all times relevant hereto, Defendant Lawrence Hayes, M.D., was a duly licensed medical doctor, was employed and acting at all material times as agent for Defendant Advanced Correctional Healthcare, Inc., contracted with Cass County to provide needed healthcare and medical services to inmates housed in the Cass County Jail, and as such was acting at all material times under color of State law.

46.     From March 21, 2008, to March 26, 2008, decedent Benjamin Michael Cantwell was a detainee and inmate at the Cass County Jail, where he came under the medical care of Defendant Hayes, during which time, and at all times, he was in serious need of required medication to control anxiety, a fact which Defendant, through his agents and employees, knew and documented.

47.     As a direct and proximate result of one or more of the foregoing wrongful acts and omissions, decedent Benjamin Michael Cantwell was deprived of rights, privileges, and immunities guaranteed by the 8th and 14th Amendments to the United States Constitution, leading to his untimely death.

11

48.     Defendant Hayes failed to properly assess medical conditions and/or provide medical treatment and/or medication to inmates and detainees with serious medical needs, including decedent Benjamin Michael Cantwell, which policies, customs, or practices reflected a deliberate indifference to the serious medical needs of the Mr. Cantwell.

49.     Specifically, Defendant Hayes was deliberately indifferent to Mr. Cantwell's serious medical need for medication when, after being notified of Mr. Cantwell's condition and need for medication by Defendant Moss on Monday March 24, 2008, he did nothing to evaluate, assess or remedy the condition.

50.     In committing the acts complained of herein, Defendant Hayes acted under color of State law with deliberate indifference to the serious medical needs of Mr. Cantwell.

51.     As a direct and proximate result of the deliberate indifference to inmates, specifically Mr. Cantwell's serious medical needs, Mr. Cantwell suffered serious mental and emotional torment which led to his death, for which he is entitled to relief under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them jointly and severally, for damages, including prejudgment interest, in a fair and reasonable sum in excess of $75,000.00, her costs incurred herein, punitive damages, and for such other relief as is deemed appropriate by the Court.

<u>**COUNT 4:**</u>
<u>**Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983**</u>
<u>**(Defendant Donna Moss, LPN)**</u>

52.     Plaintiff realleges and incorporates herein by reference as though specifically set forth herein the allegations in Paragraphs 1 through 51 of this Complaint.

12

53.     At all times relevant hereto, Defendant Donna Moss was a duly licensed practical nurse, was employed and acting at all material times as agent for Defendant Advanced Correctional Healthcare, Inc., contracted with Cass County to provide needed healthcare and medical services to inmates housed in the Cass County Jail, and as such was acting at all material times under color of State law.

54.     From March 21, 2008, to March 26, 2008, decedent Benjamin Michael Cantwell was an inmate and detainee at the Cass County Jail, where he came under the medical care of Defendant Moss, during which time, and at all times, he was in serious need of required medication to control anxiety, a fact which Defendant, through her agents and employees, knew and documented.

55.     As a direct and proximate result of one or more of the foregoing wrongful acts and omissions, decedent Benjamin Michael Cantwell was deprived of rights, privileges, and immunities guaranteed by the 8th and 14th Amendments to the United States Constitution, leading to his untimely death.

56.     Defendant Moss failed to properly assess medical conditions and/or provide medical treatment and/or medication to inmates and detainees with serious medical needs, including Benjamin Michael Cantwell, which policies, customs, or practices reflected a deliberate indifference to the serious medical needs of Mr. Cantwell.

57.     In committing the acts complained of herein, Defendant Moss acted under color of State law with deliberate indifference to the serious medical needs of Mr. Cantwell.

58.     As a direct and proximate result of the deliberate indifference to inmates, specifically Mr. Cantwell's serious medical needs, Mr. Cantwell suffered serious mental and

emotional torment which led to his death, for which he is entitled to relief under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them jointly and severally, for damages, including prejudgment interest, in a fair and reasonable sum in excess of $75,000.00, her costs incurred herein, punitive damages, and for such other relief as is deemed appropriate by the Court.

## COUNT 5:
### Negligence (All Defendants)

59. Plaintiff realleges and incorporates herein by reference as though specifically set forth herein the allegations in Paragraphs 1 through 58 of this Complaint.

60. Defendants Cass County, Deihl, Advanced Correctional Healthcare, Inc., Hayes, and Moss owed a common law duty to ensure the safety of inmates and detainees of the Cass County Jail, specifically Benjamin Michael Cantwell. This duty included the duty to provide adequate health care and the continuation of necessary medical treatment.

61. The acts and omissions complained of hereinabove constituted severe breaches of this duty.

62. As a direct and proximate result of the breaches of this duty, Mr. Cantwell suffered general and special damages as alleged in this Complaint, including his personal injury, suffering, and untimely death.

63. At all times relevant hereto, Defendant Hayes was an agent and/or employee of Defendant Advanced Correctional Healthcare, Inc., acting as its agent within the scope of his employment in treating, or failing to treat, Benjamin Michael Cantwell. As such, Advanced Correctional Healthcare, Inc., is vicariously liable for his negligent acts.

14

64.     At all times relevant hereto, Defendant Moss was an agent and/or employee of Defendant Advanced Correctional Healthcare, Inc., acting as its agent within the scope of her employment in treating, or failing to treat, Benjamin Michael Cantwell.  As such, Advanced Correctional Healthcare, Inc., is vicariously liable for her negligent acts.

65.     The conduct of the Defendants was willful, malicious, oppressive, and reckless, and are of such nature that punitive damages should be imposed in the amount commiserate with the wrongful acts alleged herein.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them jointly and severally, for damages, including prejudgment interest, in a fair and reasonable sum in excess of $75,000.00, her costs incurred herein, punitive damages, and for such other relief as is deemed appropriate by the Court.

### COUNT 6:
### Medical Negligence

66.     Plaintiff realleges and incorporates herein by reference as though specifically set forth herein the allegations in Paragraphs 1 through 65 of this Complaint.

67.     Defendant Hayes owed Benjamin Michael Cantwell a legal duty to exercise that degree of skill and learning ordinarily exercised by members of his profession under the same or similar circumstances.

68.     Defendant Hayes breached his duty to Benjamin Michael Cantwell, and was thereby negligent in one or more of the following particulars:

a.      In failing to see, assess, examine, or treat Benjamin Michael Cantwell, who was detained and/or incarcerated in the Cass County Jail under Defendant Hayes' medical care and supervision;

b.      In failing to respond to pleas for necessary medication made by Benjamin Michael Cantwell and relayed to Defendant Hayes by Defendant Moss;

15

c.     In failing to properly monitor Benjamin Michael Cantwell, who was detained and/or incarcerated in the Cass County Jail under Defendant Hayes' medical care and supervision, and was particularly vulnerable and at an increased risk to suicidal ideation and actions while without his necessary medication;

d.     In failing to properly order and/or allow the necessary and prescribed medication for Benjamin Michael Cantwell, who was detained and/or incarcerated in the Cass County Jail under Defendants Hayes' medical care and supervision, and was particularly vulnerable and at an increased risk to suicidal ideation and actions while without his necessary medication, if not provided adequate pharmacotherapy and management;

e.     In failing to properly order and/or allow the necessary and prescribed medication for Benjamin Michael Cantwell, and/or failing to take protective measures after Defendant Hayes knew or should have known that Mr. Cantwell was deprived of his medication;

f.     In failing to provide the proper and adequate pharmacotherapy to Benjamin Michael Cantwell by failing to monitor and adjust his medications to therapeutic levels; and

g.     In further particulars presently unknown to Plaintiff, but which are believed will be discovered upon proper discovery within the litigation.

69.     At all times relevant hereto, Defendant Hayes was an agent and/or employee of Advanced Correctional Healthcare, Inc., acting as its agent within the scope of his employment in treating, or failing to treat, Benjamin Michael Cantwell. As such, Advanced Correctional Healthcare, Inc., is vicariously liable for his negligent acts.

70.     As a direct and proximate result of the aforementioned negligence and breach of care by the Defendants, Benjamin Michael Cantwell was injured, caused to suffer conscious pain, suffering, and loss of life, and Plaintiff sustained damage, as more fully set forth herein.

71.     That by reason of the foregoing premises, Plaintiff is entitled to recover fair and reasonable damages against the Defendants, and each of them, as provided for in § 537.080 R.S.Mo, for the wrongful injuries to and the wrongful death of Benjamin Michael Cantwell,

including special damages for his funeral and burial. Plaintiff is also entitled to recover fair and reasonable damages against the Defendants for his personal injuries.

72. From the beginning of the negligent treatment, or lack of treatment, and withholding of medication described hereinabove until his untimely death, Benjamin Michael Cantwell suffered physical and mental pain which is an item of damage to be considered and awarded.

73. Defendants' conduct in this case, as set forth in this Complaint constitutes aggravating circumstances within the meaning of the laws of the State of Missouri. Furthermore, this conduct was undertaken with knowledge that such conduct produced a high degree of probability of injury to Benjamin Michael Cantwell or others similarly situated, and was done with such reckless indifference and conscious disregard for the life and safety of others so that public policy requires punishment through the form of aggravating circumstances.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them jointly and severally, for damages, including prejudgment interest, in a fair and reasonable sum in excess of $75,000.00, her costs incurred herein, punitive damages, and for such other relief as is deemed appropriate by the Court.

### COUNT 7:
### Medical Negligence of Business Entities

74. Plaintiff realleges and incorporates herein by reference as though specifically set forth herein the allegations in Paragraphs 1 through 73 of this Complaint.

75. Defendant Advanced Correctional Healthcare, Inc., as the provider of healthcare at the Cass County Jail had a duty to Benjamin Michael Cantwell to use that degree of skill and learning ordinarily used under the same or similar circumstances by members of such health care providers' and facilities' respective professions.

17

76.    By and through the acts of its employees, members, agents, and/or principals, Defendant Advanced Correctional Healthcare, Inc., breached its duties and was negligent by the following particulars:

    a.    In failing to provide adequate care;

    b.    In failing to consistently and adequately monitor its staff physicians and/or nurses with privileges, including Defendants Hayes and Moss;

    c.    In failing to properly provide, monitor, and adjust the medication regime and dosage levels of Benjamin Michael Cantwell, who was detained and/or incarcerated in the Cass County Jail under Defendant Hayes' medical care and supervision, and was particularly vulnerable and at an increased risk to suicidal ideation and actions while without his necessary medication;

    d.    In failing to ensure Benjamin Michael Cantwell was provided with his necessary anxiety medication, and/or failing to take protective measures after Defendant knew or should have known that Mr. Cantwell was deprived of his medication;

    e.    In failing to see, assess, examine, or treat Benjamin Michael Cantwell, who was detained and/or incarcerated in the Cass County Jail under Defendant's medical care and supervision;

    f.    In failing to recognize the inherent risk off the abrupt cessation of properly prescribed medications such as Xanax;

    g.    In failing to properly supervise the agents, employees, and servants of the Defendant who were responsible for the treatment and care of Benjamin Michael Cantwell;

    h.    In negligently and carelessly failing to make any reasonable attempt to supervise or monitor Benjamin Michael Cantwell's medical, pharmacotherapy, psychiatric, and/or emotional care when it knew or should have known that such care was inadequate and improper;

    i.    In negligently and carelessly failing to follow and/or establish medical staff by-laws, rules, and regulations, and the nursing policies, rules, and regulations in the care, treatment, and pharmacotherapy of Benjamin Michael Cantwell; and

    j.    In further particulars presently unknown to Plaintiff, but which are believed will be discovered upon proper discovery within the litigation.

77.     As a direct and proximate result of the aforementioned negligence of Defendant Advanced Correctional Healthcare, Inc., Benjamin Michael Cantwell was injured, caused to suffer conscious pain, suffering, and loss of life, and Plaintiff sustained damage, as more fully set forth herein.

78.     That by reason of the foregoing premises, Plaintiff is entitled to recover fair and reasonable damages against Defendant Advanced Correctional Healthcare, Inc., as provided for in § 537.080 R.S.Mo, for the wrongful injuries to and the wrongful death of Benjamin Michael Cantwell, including special damages for his funeral and burial.  Plaintiff is also entitled to recover fair and reasonable damages against the Defendants for his personal injuries.

79.     From the beginning of the negligent treatment described hereinabove until his untimely death, Benjamin Michael Cantwell suffered physical and mental pain which is an item of damage to be considered and awarded.

80.     Defendants' conduct in this case, as set forth in this Complaint constitutes aggravating circumstances within the meaning of the laws of the State of Missouri.  Furthermore, this conduct was undertaken with knowledge that such conduct produced a high degree of probability of injury to Benjamin Michael Cantwell or others similarly situated, and was done with such reckless indifference and conscious disregard for the life and safety of others so that public policy requires punishment through the form of aggravating circumstances.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them jointly and severally, for damages, including prejudgment interest, in a fair and reasonable sum in excess of $75,000.00, her costs incurred herein, punitive damages, and for such other relief as is deemed appropriate by the Court.

19

## <u>COUNT 8:</u>
### <u>Respondeat Superior - Advanced Correctional Healthcare, Inc.</u>

81.    Plaintiff realleges and incorporates herein by reference as though specifically set forth herein the allegations in Paragraphs 1 through 80 of this Complaint.

82.    Defendant Advanced Correctional Healthcare, Inc., at all times during the course of events as herein set forth, either employed, contracted, controlled, or had the right to control the conduct of Defendant Hayes, its nurses, counselors, caseworkers, and other professional employees practicing with or for Defendant Hayes and Advanced Correctional Healthcare, Inc.

83.    Defendant Hayes, nurses, counselors, caseworkers, and professional employees practicing with or for Defendant Hayes and Advanced Correctional Healthcare, Inc., were hired to provide medical services and care to the patients, including but not limited to Benjamin Michael Cantwell, at the Cass County Jail and those services were provided by Defendant Hayes, the nurses, counselors, caseworkers, and other professional employees practicing with or for Defendant Hayes and Advanced Correctional Healthcare, Inc., to serve the business of Advanced Correctional Healthcare, Inc.

84.    Defendant Hayes, the nurses, counselors, caseworkers, and professional employees practicing with or for Defendant Hayes and Advanced Correctional Healthcare, Inc., by virtue of their employment and in furtherance of Advanced Correctional Healthcare, Inc.'s, business interests, failed to exercise ordinary care in properly examining, assessing, monitoring, treating, and medicating Benjamin Michael Cantwell.

85.    By way of Respondeat Superior, Advanced Correctional Healthcare, Inc., is liable to Plaintiff for her injuries and the injuries to and death of Benjamin Michael Cantwell.

86.    As a direct and proximate result of the aforementioned negligence of Defendant Advanced Correctional Healthcare, Inc., Benjamin Michael Cantwell was injured, caused to

20

suffer conscious pain, suffering, and loss of life, and Plaintiff sustained damage, as more fully set forth herein.

87.    That by reason of the foregoing premises, Plaintiff is entitled to recover fair and reasonable damages against Defendant Advanced Correctional Healthcare, Inc., as provided for in § 537.080 R.S.Mo, for the wrongful injuries to and the wrongful death of Benjamin Catnwell, including special damages for his funeral and burial.  Plaintiff is also entitled to recover fair and reasonable damages against the Defendants for his personal injuries.

88.    From the beginning of the negligent treatment described herein above until his untimely death, Benjamin Michael Cantwell suffered physical and mental pain which is an item of damage to be considered and awarded.

89.    Defendants' conduct in this case, as set forth in this Complaint constitutes aggravating circumstances within the meaning of the laws of this State.  Furthermore, this conduct was undertaken with knowledge that such conduct produced a high degree of probability of injury to Benjamin Michael Cantwell or others similarly situated, and was done with such reckless indifference and conscious disregard for the life and safety of others so that public policy requires punishment through the form of aggravating circumstances.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them jointly and severally, for damages, including prejudgment interest, in a fair and reasonable sum in excess of $75,000.00, her costs incurred herein, punitive damages, and for such other relief as is deemed appropriate by the Court.

21

## COUNT 9
## Negligent Supervision - Defendant Advanced Correctional Healthcare, Inc.

90.     Plaintiff realleges and incorporates herein by reference as though specifically set forth herein the allegations in Paragraphs 1 through 89 of this Complaint.

91.     Advanced Correctional Healthcare, Inc., at all times during the course of events as herein set forth, either employed, contracted, controlled or had the right to control the conduct of Defendant Hayes, the nurses, counselors, caseworkers, and other professional employees practicing with or for Defendant Hayes and Advanced Correctional Healthcare, Inc.

92.     Defendant Advanced Correctional Healthcare, Inc., had a duty to exercise that degree of skill and learning in supervising Defendant Hayes, the nurses, counselors, caseworkers, and other professional employees practicing with or for Dr. Hayes and Advanced Correctional Healthcare, Inc., that is ordinarily exercised by members of their respective professions under the same or similar circumstances to protect Benjamin Michael Cantwell and other from unreasonable risks of harm.

93.     Defendant Advanced Correctional Healthcare, Inc., breached its duties and was thereby negligent in its supervision of Defendant Hayes, the nurses, counselors, caseworkers, and other professional employees practicing with or for Dr. Hayes by the following particulars:

      a.    In failing to create necessary policies and standards, or to properly implement them, for the proper treatment of patients who were incarcerated and/or detained at the Cass County Jail, such as Benjamin Michael Cantwell, by its employees and servants;

      b.    In failing to create necessary policies and standards, or to properly implement them, for the continuation of necessary medical treatment and medication for patients who were incarcerated and/or detained at the Cass County Jail, such as Benjamin Michael Cantwell, by its employees and servants;

      c.    In failing to create necessary policies and standards, or to properly implement them, to ensure that employees and/or staff physicians would

22

monitor and adjust medication regimes of patients who were incarcerated and/or detained at the Cass County Jail, such as Benjamin Michael Cantwell, by its employees and servants;

d.    In failing to create necessary policies and standards, or to properly implement them, for the coordination of efforts and communication between its employees, including but not limited to doctors and nurses, and jail staff of correctional officers, regarding the care of patients who were incarcerated and/or detained at the Cass County Jail, such as Benjamin Michael Cantwell; and

e.    In further particulars presently unknown to Plaintiff, but which are believed will be discovered upon proper discovery within the litigation.

94.    As a direct and proximate result of the aforementioned negligence of Defendant Advanced Correctional Healthcare, Inc., Benjamin Michael Cantwell was injured, caused to suffer conscious pain, suffering, and loss of life, and Plaintiff sustained damage, as more fully set forth herein.

95.    That by reason of the foregoing premises, Plaintiff is entitled to recover fair and reasonable damages against Defendant Advanced Correctional Healthcare, Inc., as provided for in § 537.080 R.S.Mo, for the wrongful injuries to and the wrongful death of Benjamin Michael Cantwell including special damages for his funeral and burial. Plaintiff is also entitled to recover fair and reasonable damages against the Defendants for his personal injuries.

96.    From the beginning of the negligent treatment described herein above until his untimely death, Benjamin Michael Cantwell suffered physical and mental pain which is an item of damage to be considered and awarded.

97.    Defendants' conduct in this case, as set forth in this Complaint constitutes aggravating circumstances within the meaning of the laws of this State. Furthermore, this conduct was undertaken with knowledge that such conduct produced a high degree of probability of injury to Benjamin Michael Cantwell or others similarly situated, and was done with such reckless

23

indifference and conscious disregard for the life and safety of others so that public policy requires punishment through the form of aggravating circumstances.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them jointly and severally, for damages, including prejudgment interest, in a fair and reasonable sum in excess of $75,000.00, her costs incurred herein, punitive damages, and for such other relief as is deemed appropriate by the Court.

**COUNT 10:**
**Consortium Claim**

98.     Plaintiff realleges and incorporates herein by reference as though specifically set forth herein the allegations in Paragraphs 1 through 97 of this Complaint.

99.     Allison Harnden was at all times mentioned herein, the lawfully wedded wife of Benjamin Michael Cantwell.

100.    As a direct and proximate result of negligence of the Defendants, as alleged previously in this Complaint, Allison Harnden has suffered loss of service, consortium, society, affection, and companionship rights of her husband and future support.  She has already suffered these damages and will continue to suffer them in the future.

101.    Defendants' conduct in this case, as set forth in this Complaint constitutes aggravating circumstances within the meaning of the laws of this State.  Furthermore, this conduct was undertaken with knowledge that such conduct produced a high degree of probability of injury to Benjamin Michael Cantwell or others similarly situated, and was done with such reckless indifference and conscious disregard for the life and safety of others so that public policy requires punishment through the form of aggravating circumstances.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them jointly and severally, for damages, including prejudgment interest, in a fair and reasonable sum in excess of $75,000.00, her costs incurred herein, punitive damages, and for such other relief as is deemed appropriate by the Court.

## COUNT 11
## Lost Chance of Recovery

102.     Plaintiff realleges and incorporates herein by reference as though specifically set forth herein the allegations in Paragraphs 1 through 101 of this Complaint.

103.     This Count of Plaintiff's Complaint is brought pursuant to the authority of R.S.Mo. §§ 537.020 and 537.021, and the decision of the Missouri Supreme Court in the case of *Wollen v. DePaul Health Care Center*, 828 S.W.2d. 681 (Mo. *banc* 1992).

104.     At the time of Benjamin Michael Cantwell's death, the decedent was possessed of a cause or causes of action for personal injuries to the decedent in the manner and under the circumstances as alleged hereinabove.

105.     The decedent suffered from an ailment or condition which carried with it a significant material statistical chance of survival with appropriate treatment.

106.     The Defendants herein failed to diagnose or adequately treat the ailment or condition of the decedent.

107.     The negligence of the Defendants, and each of them, in failing to diagnose, treat the ailment or condition of the decedent, monitor the pharmacotherapy, and provide or adjust medications of the decedent, directly and proximately caused, or directly and proximately contributed to cause the decedent to lose his chance of recovery.

108.     The chance of recovery lost was material.

25

109.	As a direct and proximate result of the negligence set forth above, decedent suffered great personal injury, pain and suffering, and mental anguish prior to his death.

110.	As a direct and proximate result of the carelessness and negligence of the Defendants, decedent Benjamin Michael Cantwell received the following severe, permanent, and devastating injuries:  the decedent was caused to suffer a deterioration of his condition, severe pain, severe mental anguish, and all said conditions led to mental confusion and anguish, and these conditions caused him great physical pain and mental suffering prior to his death. Defendants' negligence worsened and exacerbated decedent's preexisting condition, causing him great physical pain and mental anguish, which ultimately led to his suicide.  Decedent's ability to recover and his significant material chance of recovery were taken away by Defendants' negligence.

111.	As a direct and proximate result of the carelessness and negligence of Defendants, Plaintiff has been deprived of decedent's valuable services, companionship, comfort, instruction, guidance, counsel, training, support, love, and affection, as well as all other elements of damage listed in R.S.Mo. § 537.090.  Additionally, decedent suffered great physical pain and mental anguish through the time period of Defendants' negligence.  Plaintiff has also incurred expenses by way of funeral and burial expenses.

112.	As a direct and proximate result of the carelessness and negligence of the Defendants, the decedent Benjamin Michael Cantwell suffered the loss of life, and with it the loss of future income and enjoyment of life multiplied by the decedent's lost chance of recovery.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them jointly and severally, for damages, including prejudgment interest, in a fair and reasonable sum in

26

excess of $75,000.00, her costs incurred herein, punitive damages, and for such other relief as is deemed appropriate by the Court.

## V. INJURIES AND DAMAGES

113.    As a direct and proximate result of the negligence set forth above, decedent Benjamin Michael Cantwell suffered great personal injury, pain and suffering and mental anguish prior to his death.

114.    As a direct and proximate result of the Defendants' deliberate indifference to the serious medical needs of decedent Benjamin Michael Cantwell, he was forced to suffer the following severe, permanent and devastating injuries:  the decedent was caused to suffer a deterioration of his condition, severe anxiety and distress, severe mental anguish, and all said conditions led to high levels of anxiety and anguish, and these conditions caused him great physical pain and mental suffering prior to his death.  Defendants' deliberate indifference to the serious medical needs of decedent Benjamin Michael Cantwell worsened and exacerbated decedent's condition, causing him great physical pain and mental anguish.

115.    As a direct and proximate result of the deliberate indifference to the serious medical needs of decedent Benjamin Michael Cantwell, Plaintiff has been deprived of decedent's valuable services, companionship, comfort, consortium, instruction, guidance, counsel, training, support, love, and affection.  Additionally, decedent suffered great physical pain and mental anguish through the time period of the Defendants' deliberate indifference to his serious medical needs.  Plaintiff has also incurred expenses by way of funeral and burial expenses.

116.    As a direct and proximate result of the Defendants' deliberate indifference to decedent Benjamin Michael Cantwell's serious medical needs, the decedent suffered the loss of life, and with it the loss of future income and enjoyment of life.

27

117.    Plaintiff Allison Harnden is entitled to recover punitive damages from the Defendants for their intentional, willful, and malicious acts and/or omissions which constituted a deliberate indifference to the Benjamin Michael Cantwell's serious medical needs in violation of his civil rights pursuant to 42 U.S.C. § 1983.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all of the above issues, costs herein incurred, and for such other relief as is deemed appropriate by the Court.

**PRAYER FOR RELIEF:**

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF DEMANDS:**

1.    That process be issued to the Defendants and they are required to answer in the time allowed by law;

2.    That judgment be rendered in favor of Plaintiff and against Defendants jointly and severally in an amount sufficient to compensate Plaintiff for injuries and damages suffered by the decedent;

3.    That judgment be rendered in favor of Plaintiff and against Defendants jointly and severally for punitive damages;

4.    That Plaintiff be awarded those damages to which it may appear she is entitled by proof submitted in this case for Benjamin Michael Cantwell's physical and mental pain and suffering and untimely death;

5.    That Plaintiff be awarded reasonable expenses incurred in this litigation, including reasonable attorneys' fees and experts' fees pursuant to 42 U.S.C. §1988 (b) and (c);

6.    That Plaintiff be awarded both pre-judgment and post-judgment interest; and

7.     That Plaintiff be awarded all further and general relief to which she may be entitled.

Respectfully submitted,

**DAVIS, BETHUNE & JONES, LLC**

                                        /s/ Wes Shumate

SCOTT S. BETHUNE                              #35685
WES SHUMATE                                 #60396
1100 Main Street, Suite 2930
Kansas City, MO 64105
Tel:  (816)421-1600
Fax: (816)472-5972
E-Mail:    sbethune@dbjlaw.net
                    wshumate@dbjlaw.net
**ATTORNEYS FOR PLAINTIFF**

29
