UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ALLISON HARNDEN, Individually and as Plaintiff Ad Litem,<br><br>Plaintiff,<br><br>v.<br><br>CASS COUNTY, MISSOURI, et. al.,<br><br>Defendants. | Case No: 010-00263-CV-W-NKL |

## ANSWER OF DEFENDANT ADVANCED CORRECTIONAL HEALTHCARE, INC.

COMES NOW Defendant Advanced Correctional Healthcare, Inc. ("Advanced"), and in response to plaintiff's Complaint states as follows:

1. Defendant denies Paragraphs 1, 2, 11, 12, 13, and 15 through 117 including subparts of plaintiff's Complaint.

2. In response to Paragraph 3, 4, 5, 6, 7, 8, 9, 10, and 14 defendant is without sufficient knowledge and information to admit or deny and therefore denies same.

3. Any averment in plaintiff's Complaint not herein admitted is denied.

### AFFIRMATIVE DEFENSES

4. Defendant has immunity thereby barring plaintiffs recovery from defendant.

5. Decedent's act of suicide is a superceding intervening cause thereby barring plaintiffs recovery from defendant.

1

6. For further answer and by way of affirmative defenses, defendant Advanced states that plaintiffs' petition fails to state a claim upon which relief can be granted against this defendant.

7. For further answer and by way of affirmative defense, defendant Advanced denies it has any liability, but alternatively the negligence of decedent, plaintiff and others over whom this defendant had no duty to control; should be compared and thus this defendant's liability reduced accordingly.

8. For further answer and by way of affirmative defense, defendant Advanced expressly requests that plaintiffs claims, and derivatively, plaintiffs' claims be reduced pursuant to RSMo § 537.060 in the event that plaintiffs had previously settled or in the future settles any of its claims being asserted in this lawsuit against any other party (person or entity), any other alleged joint tortfeasor (person or entity), or any other person or entity liable in tort for their damages, if any, arising out of the incident that is the subject of this litigation.

9. Defendant Advanced hereby reserves the right to assert any and all affirmative defenses learned of during the course of discovery.

10. In further answer and by way of affirmative defense, Defendant Advanced states that any and all non-economic damages that Plaintiff is entitled to recover, if any, should be limited by RSMo § 538.210.

11. Plaintiff is barred from recovery against this Defendant for failure to comply with RSMo. § 538.225.

12. Defendant states that in the event defendants are found to be at fault by the trier of fact, which fault these defendants express deny, defendants deny joint and several liability for any of plaintiff's injury or damage as set forth under RSMo. § 537.067. In such circumstance, these defendants are only responsible for that percentage of fault apportioned to them by the trier of fact.

13. For other affirmative and answer and defense, defendant Advanced alleges they acted with objective reasonableness under the circumstances then existing and their conduct was justified and/or privileged.

14. For other affirmative answer and defense, defendant Advanced states plaintiff's claims are barred in whole or in part by the applicable statue of limitations in that this lawsuit was not timely filed.

15. For other affirmative answer and defense, defendant Advanced states plaintiff has failed to mitigate her damages.

16. For other affirmative answer and defense, defendant Advanced states alternatively that no patient relationship existed. And furthermore, plaintiff's claims are barred by the public duty doctrine.

17. For further answer and for its affirmative defense, defendant alleges that plaintiff is barred from recovering punitive damages and/or damages for aggravating circumstances because plaintiff's complaint does not state a claim for punitive damages and/or aggravating circumstances and because such relief violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and

Article I, § 10, Article I, § 19, Article I, § 18a, Article I, § 21, and Article I, § 2 of the Missouri Constitution, in the following particulars:

(a) Such relief violates the Fifth Amendment for the following reasons:

    (i) The Double Jeopardy Clause is violated because multiple awards of punitive damages can be imposed upon a defendant for the same act or omission;

    (ii) The Self-Incrimination Clause is violated because a defendant can be compelled to give testimony against itself;

(b) Such relief violates the Sixth and Fourteenth Amendments because such damages may be imposed by a jury of less than 12 and based upon a burden of proof applicable in civil cases, whereas punitive damages are a fine or penalty and are quasi-criminal in nature;

(c) Such relief violates this Defendant's right to access to the courts guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of unlimited punitive damages chills the Defendant's exercise of that right;

(d) Such relief violates the Eighth Amendment guarantee that excessive fines shall not be imposed;

(e) Such relief violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment for the following reasons:

    (i) The standard or test for determining the requisite mental state of the Defendant for imposition of punitive damages is void for vagueness;

    (ii) Insofar as punitive damages are not measured against actual injury to a plaintiff, and are left wholly to the discretion of the jury, there is no objective standard that limits the amount of such damages as may be awarded;

    (iii) In cases involving more than one defendant, the evidence of the net worth of each is admissible, and the jury is permitted to award punitive damages in differing amounts based upon the affluence of a given defendant;

    (iv) The tests or standards for the imposition of punitive damages differ from state to state such that a specific act or

4

omission of a given defendant may or may not result in the imposition of punitive damages, or may result in differing amounts of punitive damages, depending upon the state in which suit is filed, such that the defendant is denied equal protection of the law;

(v) Punitive damages may be imposed without a requisite showing of hatred, spite, ill will or wrongful motive.

(vi) The submission of punitive damages to a jury, upon the pretext of having the jury make "findings of fact" about the degree of reprehensibility of the defendant's alleged conduct is volatile of a defendant's rights to the due process of law. No *jury* can engage in such a finely tuned exercise of deterrence calibration. No *jury* is institutionally competent to make such a necessary determination to justify a constitutionally permissible deterrence calibration.

(vii) The submission of punitive damages to a jury, upon the pretext of having the jury make "findings of fact" about the disparity between the harm, if any, suffered by the plaintiff and the punitive damages ought and/or any punitive damages awarded is violative of a defendant's rights to the due process of law. No *jury* can engage in such a finely tuned calculation of constitutionally acceptable disparity between the harm if any suffered by the plaintiff and the punitive damages sought and/or any punitive damages awarded. No *jury* is institutionally competent to make such a necessary determination to justify a constitutionally permissible disparity or correlation.

(viii) The submission of punitive damages to a jury, upon the pretext of having the jury make "findings of fact" regarding the differences between the punitive damages awarded by themselves and those imposed in comparable cases is violative of defendant's rights to the due process of law. *Jurors* have no such information, experience or competency and go well beyond their lawful fact finding function when allowed to make such determinations without any basis or competency for doing so.

WHEREFORE, having fully answered plaintiff's Complaint, Defendant Advanced prays to be dismissed at plaintiff's costs.

## DEMAND FOR JURY TRIAL

Defendant Advanced hereby demands trial by jury in the above captioned matter.

Respectfully submitted,

/s/Michael A. Childs
Michael A. Childs     MO #29697
Brown & James, P.C.
1100 Main Street, Suite 1900
Kansas City, Missouri 64105
(816) 472-0800/FAX (816) 421-1183
E-mail: mchilds@bjpc.com
*Attorneys for Defendant Advanced Correctional Healthcare, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on **May 27, 2010**, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Wes Shumate
DAVIS, BETHUNE & JONES, LLC
1100 Main Street, Suite 2930
Kansas City MO 64105
816-421-1600
816-472-5972
wshumate@kbjlaw.net

David S. Baker
FISHER, PATTERSON, SAYLER & SMITH, LLP
9393 W. 110th Street
Building 51, Suite 300
Overland Park, KS 66210
913-339-6757
913-339-6187
dbaker@fisherpatterson.com
*Attorneys for Defendants Cass County and Diehl*

/s/Michael A. Childs
Michael A. Childs     MO #29697
*Attorneys for Defendant Advanced Correctional Healthcare, Inc.*